FILED
2021 May-13  PM 04:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

## ALABAMA SJIS CASE DETAIL



**PREPARED FOR: JESSICA ATKINSON**

County: **61**   Case Number: **CV-2021-900099.00**   Court Action:

Style: **AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL**

`Real Time`

### Case

#### Case Information

| | | | |
|---|---|---|---|
| County: | **61-TALLADEGA -** | Case Number: | **CV-2021-900099.00** | Judge: | **WIH:WILLIAM E. HOLLINGSWORTH** |
| Style: | **AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL** | | | | |
| Filed: | **03/30/2021** | Case Status: | **ACTIVE** | Case Type: | **OTHER TORT** |
| Trial Type: | **JURY** | Track: | | Appellate Case: | **0** |
| No of Plaintiffs: | **1** | No of Defendants: | **3** | | |

#### Damages

| | | | | | |
|---|---|---|---|---|---|
| Damage Amt: | **0.00** | Punitive Damages: | **0.00** | General Damages: | **0.00** |
| No Damages: | | Compensatory Damages: | **0.00** | | |
| Pay To: | | Payment Frequency: | | Cost Paid By: | |

#### Court Action

| | | | | |
|---|---|---|---|---|
| Court Action Code: | | Court Action Desc: | | Court Action Date: | |
| Num of Trial days: | 0 | Num of Liens: | 0 | Judgment For: | |
| Dispositon Date of Appeal: | | Disposition Judge: | : | Disposition Type: | |
| Revised Judgement Date: | | Minstral: | | Appeal Date: | |
| Date Trial Began but No Verdict (TBNV1): | | | | | |
| Date Trial Began but No Verdict (TBNV2): | | | | | |

#### Comments

Comment 1:
Comment 2:

#### Appeal Information

| | | | | |
|---|---|---|---|---|
| Appeal Date: | | Appeal Case Number: | | Appeal Court: | |
| Appeal Status: | | Orgin Of Appeal: | | | |
| Appeal To: | | Appeal To Desc: | | LowerCourt Appeal Date: | |
| Disposition Date of Appeal: | | Disposition Type Of Appeal: | | | |

#### Administrative Information

| | | | | |
|---|---|---|---|---|
| Transfer to Admin Doc Date: | | Transfer Reason: | | Transfer Desc: | |
| Number of Subponeas: | | Last Update: | **03/30/2021** | Updated By: | **AJA** |

### Parties

#### Party 1 - Plaintiff INDIVIDUAL - GREEN AUTUMN

##### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | **C001-Plaintiff** | Name: | **GREEN AUTUMN** | | | Type: | **I-INDIVIDUAL** |
| Index: | **D PERSOLVE LEG** | Alt Name: | | Hardship: | **No** | JID: | **WIH** |
| Address 1: | **C/O WATTS & HERRING, LLC** | | | Phone: | **(256) 000-0000** | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Address 2: | **301 19TH STREET NORTH** | | | | | |
| City: | **BIRMINGHAM** | State: | **AL** | Zip: | **35203-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | **F** | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | Issued Type: | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | Service Type | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | WAT056 | | WATTS JOHN GRIFFIN | JOHN@WATTSHERRING.COM | (205) 879-2447 |
| Attorney 2 | HER037 | | HERRING MYLES STANLEY JR. | STAN@WATTSHERRING.COM | (205) 714-4443 |

### Party 2 - Defendant BUSINESS - PERSOLVE LEGAL GROUP, LLP

## Party Information

| | | | | | | |
|---|---|---|---|---|---|---|
| Party: | **D001-Defendant** | Name: | **PERSOLVE LEGAL GROUP, LLP** | | Type: | **B-BUSINESS** |
| Index: | **C GREEN AUTUMN** | Alt Name: | | Hardship: | **No** | JID: | **WIH** |
| Address 1: | **C/O CORPORATION SVC COMP** | | | Phone: | **(256) 000-0000** | |
| Address 2: | **251 LITTLE FALLS DR.** | | | | | |
| City: | **WILMINGTON** | State: | **DE** | Zip: | **19808-0000** | Country: | **US** |
| SSN: | **XXX-XX-X999** | DOB: | | Sex: | | Race: | |

## Court Action

| | | | |
|---|---|---|---|
| Court Action: | | | Court Action Date: |
| Amount of Judgement: | **$0.00** | Court Action For: | Exemptions: |
| Cost Against Party: | **$0.00** | Other Cost: **$0.00** | Date Satisfied: |
| Comment: | | | Arrest Date: |
| Warrant Action Date: | | Warrant Action Status: | Status Description: |

## Service Information

| | | | |
|---|---|---|---|
| Issued: | **03/30/2021** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | Return Type: | Return: | Return Type: |
| Served: | **04/19/2021** | Service Type | **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | Answer Type: | Notice of No Service: | Notice of No Answer: |



### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 3 - Defendant BUSINESS - PERSOLVE, LLC

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D002-Defendant | Name: | PERSOLVE, LLC | | | Type: | B-BUSINESS |
| Index: | C GREEN AUTUMN | Alt Name: | | Hardship: | No | JID: | WIH |
| Address 1: | C/O CORPORATION SV CO INC | | | Phone: | (256) 000-0000 | | |
| Address 2: | 641 SOUTH LAWRENCE ST. | | | | | | |
| City: | MONTGOMERY | State: | AL | Zip: | 36104-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

### Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | $0.00 | Court Action For: | | Exemptions: | |
| Cost Against Party: | $0.00 | Other Cost: | $0.00 | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

### Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | 03/30/2021 | Issued Type: | C-CERTIFIED MAIL | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | 04/19/2021 | Service Type | C-CERTIFIED MAIL | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

### Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|--------|---------------|-----------------|------|-------|-------|
| Attorney 1 | 000000 | | PRO SE | | |

## Party 4 - Defendant BUSINESS - PERSOLVE RECOVERIES, LLC

### Party Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Party: | D003-Defendant | Name: | PERSOLVE RECOVERIES, LLC | | | Type: | B-BUSINESS |
| Index: | C GREEN AUTUMN | Alt Name: | | Hardship: | No | JID: | WIH |
| Address 1: | C/O CORPORATION SV CO | | | Phone: | (256) 000-0000 | | |
| Address 2: | 251 LITTLE FALLS DR. | | | | | | |
| City: | WILMINGTON | State: | DE | Zip: | 19808-0000 | Country: | US |
| SSN: | XXX-XX-X999 | DOB: | | Sex: | | Race: | |

## Court Action

| | | | | | |
|---|---|---|---|---|---|
| Court Action: | | | | Court Action Date: | |
| Amount of Judgement: | **$0.00** | Court Action For: | | Exemptions: | |
| Cost Against Party: | **$0.00** | Other Cost: | **$0.00** | Date Satisfied: | |
| Comment: | | | | Arrest Date: | |
| Warrant Action Date: | | Warrant Action Status: | | Status Description: | |

## Service Information

| | | | | | |
|---|---|---|---|---|---|
| Issued: | **03/30/2021** | Issued Type: | **C-CERTIFIED MAIL** | Reissue: | Reissue Type: |
| Return: | | Return Type: | | Return: | Return Type: |
| Served: | **04/19/2021** | Service Type | **C-CERTIFIED MAIL** | Service On: | Served By: |
| Answer: | | Answer Type: | | Notice of No Service: | Notice of No Answer: |

## Attorneys

| Number | Attorney Code | Type of Counsel | Name | Email | Phone |
|---|---|---|---|---|---|
| Attorney 1 | 000000 | | PRO SE | | |

## Financial

### Fee Sheet

| Fee Status | Admin Fee | Fee Code | Payor | Payee | Amount Due | Amount Paid | Balance | Amount Hold | Garnish Party |
|---|---|---|---|---|---|---|---|---|---|
| ACTIVE | N | AOCC | C001 | 000 | $26.55 | $26.55 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CONV | C001 | 000 | $0.00 | $21.51 | $0.00 | $0.00 | 0 |
| ACTIVE | N | CV05 | C001 | 000 | $340.00 | $340.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | JDMD | C001 | 000 | $100.00 | $100.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | LSF3 | C001 | 000 | $25.00 | $25.00 | $0.00 | $0.00 | 0 |
| ACTIVE | N | VADM | C001 | 000 | $45.00 | $45.00 | $0.00 | $0.00 | 0 |
| | | | | Total: | $536.55 | $558.06 | -$21.51 | $0.00 | |

### Financial History

| Transaction Date | Description | Disbursement Accoun | Transaction Batch | Receipt Number | Amount | From Party | To Party | Money Type | Admin Fee | Reason | Attorney | Operator |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/31/2021 | CREDIT | CONV | 2021062 | 1564550 | $21.51 | C001 | 000 | | N | | | ALS |
| 03/31/2021 | RECEIPT | AOCC | 2021062 | 1564540 | $26.55 | C001 | 000 | | N | | | ALS |
| 03/31/2021 | RECEIPT | CV05 | 2021062 | 1564560 | $340.00 | C001 | 000 | | N | | | ALS |
| 03/31/2021 | RECEIPT | JDMD | 2021062 | 1564570 | $100.00 | C001 | 000 | | N | | | ALS |
| 03/31/2021 | RECEIPT | LSF3 | 2021062 | 1564580 | $25.00 | C001 | 000 | | N | | | ALS |
| 03/31/2021 | RECEIPT | VADM | 2021062 | 1564590 | $45.00 | C001 | 000 | | N | | | ALS |

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|---|---|---|---|---|
| 3/30/2021 | 7:09 PM | ECOMP | COMPLAINT E-FILED. | WAT056 |
| 3/30/2021 | 7:09 PM | FILE | FILED THIS DATE: 03/30/2021          (AV01) | AJA |
| 3/30/2021 | 7:09 PM | EORD | E-ORDER FLAG SET TO "Y" | AJA |
| 3/30/2021 | 7:09 PM | ASSJ | ASSIGNED TO JUDGE: WILLIAM E HOLLINGSWORTH IV | AJA |
| 3/30/2021 | 7:09 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 3/30/2021 | 7:09 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |

| 3/30/2021 | 7:09 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
|---|---|---|---|---|
| 3/30/2021 | 7:09 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 3/30/2021 | 7:09 PM | C001 | LISTED AS ATTORNEY FOR C001: HERRING MYLES STANLE | AJA |
| 3/30/2021 | 7:09 PM | C001 | C001 PARTY ADDED: GREEN AUTUMN          (AV02) | AJA |
| 3/30/2021 | 7:09 PM | C001 | LISTED AS ATTORNEY FOR C001: WATTS JOHN GRIFFIN | AJA |
| 3/30/2021 | 7:09 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/30/2021 | 7:09 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/30/2021 | 7:09 PM | D001 | D001 PARTY ADDED: PERSOLVE LEGAL GROUP, LLP (AV02) | AJA |
| 3/30/2021 | 7:09 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/30/2021 | 7:09 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 3/30/2021 | 7:09 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/30/2021 | 7:09 PM | D001 | CERTIFIED MAI ISSUED: 03/30/2021 TO D001          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D002 | D002 PARTY ADDED: PERSOLVE, LLC          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D002 | CERTIFIED MAI ISSUED: 03/30/2021 TO D002          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D003 | D003 PARTY ADDED: PERSOLVE RECOVERIES, LLC (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D003 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D003 | LISTED AS ATTORNEY FOR D003: PRO SE          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D003 | CERTIFIED MAI ISSUED: 03/30/2021 TO D003          (AV02) | AJA |
| 3/30/2021 | 7:10 PM | D003 | D003 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 4/7/2021 | 2:32 PM | ESCAN | SCAN - FILED 4/7/2021 - RETURN RECEIPT | ALS |
| 4/19/2021 | 2:46 PM | D001 | SERVICE OF CERTIFIED MAI ON 04/19/2021 FOR D001 | ALS |
| 4/19/2021 | 2:47 PM | D003 | SERVICE OF CERTIFIED MAI ON 04/19/2021 FOR D003 | ALS |
| 4/19/2021 | 2:47 PM | ESERC | SERVICE RETURN | ALS |
| 4/19/2021 | 2:47 PM | D002 | SERVICE OF CERTIFIED MAI ON 04/19/2021 FOR D002 | ALS |
| 4/19/2021 | 2:47 PM | ESERC | SERVICE RETURN | ALS |
| 4/19/2021 | 2:48 PM | ESERC | SERVICE RETURN | ALS |

## *Images*

| Date: | Doc# | Title | Description | Pages |
|---|---|---|---|---|
| 3/30/2021 7:08:32 PM | 1 | CIVIL_COVER_SHEET | CIRCUIT COURT - CIVIL CASE | 1 |
| 3/30/2021 7:08:32 PM | 2 | COMPLAINT | | 37 |
| 3/30/2021 7:09:10 PM | 3 | COMPLAINT - TRANSMITTAL | E-NOTICE TRANSMITTALS | 4 |
| 3/30/2021 7:09:11 PM | 4 | COMPLAINT - SUMMONS | E-NOTICE TRANSMITTALS | 3 |
| 4/7/2021 2:32:15 PM | 5 | RETURN RECEIPT | | 1 |
| 4/19/2021 2:47:15 PM | 7 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 4/19/2021 2:47:11 PM | 6 | SERVICE RETURN | SERVICE RETURN | 1 |
| 4/19/2021 2:47:44 PM | 8 | SERVICE RETURN | SERVICE RETURN | 1 |
| 4/19/2021 2:47:51 PM | 9 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |
| 4/19/2021 2:48:06 PM | 10 | SERVICE RETURN | SERVICE RETURN | 1 |
| 4/19/2021 2:48:13 PM | 11 | SERVICE RETURN - TRANSMITTAL | E-NOTICE TRANSMITTALS | 2 |

 ***END OF THE REPORT***

ELECTRONICALLY FILED
3/30/2021 7:09 PM
61-CV-2021-900099.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>61<br><br>Date of Filing:<br>03/30/2021 | Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
### AUTUMN GREEN v. PERSOLVE LEGAL GROUP, LLP ET AL

**First Plaintiff:** ☐ Business ☑ Individual ☐ Government ☐ Other

**First Defendant:** ☑ Business ☐ Individual ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

WAT056          3/30/2021 7:09:31 PM          /s/ JOHN GRIFFIN WATTS
                 Date                          Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

ELECTRONICALLY FILED
3/30/2021 7:09 PM
61-CV-2021-900099.00
CIRCUIT COURT OF
TALLADEGA COUNTY, ALABAMA
BRIAN YORK, CLERK

# IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

| | | |
|---|---|---|
| **AUTUMN GREEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| **PERSOLVE LEGAL GROUP, LLP;** | ) | **JURY DEMANDED** |
| **PERSOLVE, LLC; PERSOLVE** | ) | |
| **RECOVERIES, LLC; Fictitious** | ) | |
| **Defendants "A", "B" and "C"** | ) | |
| **thereby intending to refer to the legal** | ) | |
| **entity, person, firm or corporation** | ) | |
| **which was responsible for or** | ) | |
| **conducted the wrongful acts alleged** | ) | |
| **in the Complaint; Names of the** | ) | |
| **Fictitious parties are unknown to the** | ) | |
| **Plaintiff at this time but will be** | ) | |
| **added by amendment when** | ) | |
| **ascertained** | ) | |
| | ) | |
| **Defendants.** | | |

## **COMPLAINT**

**COMES NOW** the Plaintiff and states as follows:

1.  This action arises out of Defendants' repeated violations of the Fair Debt

    Collection Practices Act[1], 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"),

    out of state law violations and out of the invasion of Plaintiff's personal and

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts of
each statute.

financial privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Defendants sued the Plaintiff for a debt Plaintiff did not owe to Defendants.

3. Defendants filed this suit with no intention of actually trying the case if Plaintiff refused to pay money not owed to Defendants.

4. The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

5. This is the pattern of collection activity by Defendants in their collection lawsuits in Alabama.

6. The Plaintiff won the lawsuit as Defendants refused to offer even one shred of evidence.

## **JURISDICTION**

7. Personal jurisdiction exists over Defendants as Defendants have the necessary minimum contacts with the State of Alabama and this suit arises out of Defendants' specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

## **VENUE**

8. Venue is proper as Defendants do business in this judicial district.

## PARTIES

9.     **Plaintiff Autumn Green** (hereinafter **"Plaintiff" or "Green"**) is a natural person who is a resident of Alabama and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   **Defendant Persolve Legal Group, LLP ("Defendant" or "Persolve Legal[2]")** is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated or otherwise formed in Delaware.

11.    **Defendant Persolve Legal** is <u>not</u> registered with the Alabama Secretary of State and so Plaintiff is serving **Persolve Legal** with its registered agent as listed on the Delaware Secretary of State.

12.   **Defendant Persolve Legal** allegedly buys defaulted consumer debt, which it then collects on by calling, writing, credit reporting, and suing and other means of debt collection by interstate means.

13.   The primary and principal business of this **Defendant** is to collect alleged defaulted debts.

---

[2] "Persolve Legal" or "Defendant" means Persolve Legal directly or through its debt collectors, employees and agents, credit reported against Plaintiff, or otherwise took any collection action against Plaintiff, including filing suit.

14.   The business address for **Persolve Legal** is 9301 Corbin Avenue Suite 1600, Northridge CA 91324.

15.   This is the exact same address in California for **Persolve, LLC**.

16.   **Defendant Persolve, LLC**, is registered to do business with the Alabama Secretary of State the "Nature of Business" is listed as "PURCHASE DELINQUENT, UNSECURED, CONSUMER DEBTS, COLLECTION SERVICES".

17.   **Persolve, LLC**, **("Persolve Legal")** is a foreign corporation incorporated in Delaware that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.

18.   **Persolve, LLC**, upon information and belief credit reported on Plaintiff in its own name and also under a "dba" of "Account Resolution Associates" – since Account Resolution Associates is not a legal entity, **Plaintiff** will refer to **Persolve, LLC** instead.

19.   **Persolve, LLC** allegedly buys defaulted consumer debt, which it then collects on by calling, writing, credit reporting, and suing and other means of debt collection by interstate means.

20.   The primary and principal business of this **Defendant** is to collect alleged defaulted debts.

21. **Persolve Recoveries, LLC**[3], is a foreign corporation incorporated in Delaware that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.

22. **Persolve Recoveries, LLC**, allegedly buys defaulted consumer debt, which it then collects on by calling, writing, credit reporting, and suing and other means of debt collection by interstate means.

23. The primary and principal business of this **Defendant** is to collect alleged defaulted debts.

24. As all three Defendants, **Persolve Recoveries, LLC, Persolve, LLC**, and **Persolve Legal Group, LLP**, are operated out of the same location and operated as one in the same[4], and all are believed to have reported on **Plaintiff's** credit reports, and all three entities are treated as the same by the owners, **Plaintiff** will refer to both entities collectively as **Persolve Legal** in this Complaint.

25. **Fictitious Defendants "A", "B" and "C"** thereby intending to refer to the legal entity, person, firm or corporation which was responsible for or

---

[3] Like **Persolve Legal**, **Persolve Recoveries** is <u>not</u> licensed to do business in Alabama and is not registered with the Alabama Secretary of State.

[4] As merely one example, **Persolve Recoveries** is supposedly the plaintiff in the underlying lawsuit, but the case was filed under the name of **Persolve Legal** while the complaint stated the plaintiff was **Persolve Recoveries**.  Since these companies are treated as the same by **Defendants**, **Plaintiff Green** will treat them the same.

conducted the wrongful acts alleged in the Complaint; names of the Fictitious

parties are unknown to the **Plaintiff** at this time but will be added by

amendment when ascertained.

26.   Any reference to any **Defendant** or to **Persolve Legal** refers to <u>**all**</u>

<u>**Defendants and Fictitious Defendants**</u>.

<u>**RECOGNITION BY CONGRESS OF THE**</u>
<u>**WIDESPREAD ABUSE BY COLLECTORS**</u>

27.   Congress found it necessary to pass the FDCPA due to rampant abusive

practices by dishonorable debt collectors.

28.   Congress recognized that there are four social ills caused by abusive debt

collection:  (1) Unnecessary personal bankruptcies; (2) Marital instability; (3)

Loss of jobs; and (4) Invasions of individual privacy.

29.   Congress also found that it is fundamentally unfair for the abusive collection

agencies to have an unfair competitive advantage over those honorable debt

collectors that decide to obey the law and follow the rules.

30.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose"

and it states as follows:

(a)   There is **abundant evidence** of the use of abusive, deceptive,
and unfair debt collection practices by many debt collectors.
**Abusive debt collection practices contribute** to the number of
personal bankruptcies, to marital instability, to the loss of jobs,
and **to invasions of individual privacy**.

(b)   Existing laws and procedures for redressing these injuries are
inadequate to protect consumers.

6

(c) **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## The Circuit Court Complaint

31. On **May 18, 2020**, **Defendant Persolve Legal**[5] sued **Plaintiff Green** in the Circuit Court of Talladega County, Alabama, with a case number of 61-CV-2020-900181.

32. Collection attorney Robert Wilkins, who is of counsel for **Persolve Legal**, filed this suit.

33. In this suit, **Defendant Persolve Legal** asserted it was the owner of a certain debt allegedly owed by Plaintiff.

---

[5] Document 1 is the "Cover Sheet" and lists only one Plaintiff and that is **"Persolve Legal Group, LLP"** while Document 2 ("Complaint") lists Plaintiff as **"Persolve Recoveries, LLC."**

34.   The debt is an alleged loan that **Defendant Persolve Legal** claims it purchased from Bridgecrest Acceptance Corporation.

35.   **Defendant Persolve Legal** alleged **Plaintiff** owed Persolve Legal $10,108.81.

36.   **Defendant Persolve Legal** also claimed court costs and post judgment interest.

37.   This lawsuit, and the other Alabama lawsuits filed by **Persolve Legal** every year[6], was filed with the intention of getting settlements from pro se consumers and default judgments on debts that **Defendant Persolve Legal** cannot and will not prove it has any right to collect on.

38.   Another intention of **Defendant Persolve Legal** was to continue to allow the case to move towards trial with the intent that the **Plaintiff** would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

39.   **Defendant Persolve Legal** knew **Plaintiff** did not owe the debt sued on.

40.   **Defendant Persolve Legal** made misrepresentations and false statements in the lawsuit (and in prior collection letters and/or calls) including that a debt was owed – **Plaintiff** owed none to **Defendant Persolve Legal**.

---

[6] In 2020 **Persolve Legal** filed over 1000 lawsuits.  In Alabama.  And **Persolve Recoveries, LLC** filed 395 cases in 2020 in Alabama.

41.    **Defendant Persolve Legal** misrepresented the amount owed when **Plaintiff** owed **Defendant Persolve Legal** nothing on this account.

42.    **Defendant Persolve Legal** misrepresented the legal status of the debt as being owed when **Plaintiff** owed nothing to **Persolve Legal.**

43.    **Defendant Persolve Legal** misrepresented that **Defendant Persolve Legal** had standing and the right to bring the lawsuit when **Defendant Persolve Legal** did not have standing and did not have the right to bring the lawsuit.

44.    **Defendant Persolve Legal** did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

45.    **Defendant Persolve Legal** did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

46.    **Defendant Persolve Legal** knew this but filed the suit anyway knowing that the case came to a trial, **Defendant Persolve Legal** would fold and not put on any evidence.

47.    The plan by **Defendant Persolve Legal** was to go all the way up to trial and see if it could convince **Plaintiff** to pay on a lawsuit that never should have been filed and that **Defendant Persolve Legal** never intended to prove. **Defendant Persolve Legal** always knew it would give up rather than attempt to prove its case.

48. This bogus collection suit against **Plaintiff** was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to **Defendant Persolve Legal** in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including **Plaintiff**.

## **Plaintiff Answers The Persolve Legal Lawsuit**

49. **Plaintiff** did not and does not owe the debt to **Persolve Legal**.

50. **Plaintiff** filed an Answer denying the allegations of **Defendant Persolve Legal**.

51. **Plaintiff** filed the Answer on July 10, 2020.

52. **Defendant Persolve Legal** received a copy of this denial.

53. **Defendant Persolve Legal** understood that **Plaintiff** was refusing to pay on this debt.

54. **Defendant Persolve** Legal understood that **Plaintiff** disputed this debt from the answer.

55. **Defendant Persolve Legal** knew **Plaintiff** did not owe this debt.

56. **Defendant Persolve Legal** made a conscious choice to continue to allow the lawsuit to move forward even though **Defendant Persolve Legal** knew that there was no merit to the case, but **Defendant Persolve Legal** sought to use

the lawsuit and the court process to force **Plaintiff** to pay money on a debt **Plaintiff** did not owe to **Defendant Persolve Legal**.

## Persolve Legal Asks For Trial To Be Set

57. On **July 14, 2020**, **Persolve Legal** (and **Green**) asked that the case be set for trial at least 60 days out.  See "Case Action Status Report" prepared by both parties.

58. The Plaintiff in the underlying collection case was listed as "**Persolve Recoveries, LLC** represented by Robert Wilkins of the **Persolve Legal Group, LLP**."

59. On **July 23, 2020**, the Court entered an order "The case is set for a bench trial for **October 27, 2020**, at 1:30 p.m."

60. **Persolve Legal** received this notice and knew trial was set for **October 27, 2020**.

61. **Persolve Legal** knew at the time it requested a trial, at the time a trial was set, and all other times that it had no intention of showing up to trial, no intention of seeking to introduce one scrap of evidence and no intention of prosecuting its claims.

**Defendant Persolve Legal Loses The Collection Case By Refusing To Even**

**Show Up To Court Which Is A Pattern And Practice Of Persolve Legal**

62. Defendant **Persolve Legal** had no proof to support its claims that it owned the debt at issue and that **Plaintiff Green** owed the debt at issue to **Persolve Legal**.

63. And so it submitted no such evidence to the Court.

64. On the date of trial, the sham lawsuit came to an end as **Defendant Persolve Legal** had no proof and no intention of proving its case.

65. **Defendant Persolve Legal** offered no evidence that **Plaintiff Green** owed **Defendant Persolve Legal** or that **Defendant Persolve Legal** owned the debt sued on.

66. **Defendant Persolve Legal** offered no evidence of any type – no witness and no document. Instead, it offered nothing.

67. As a matter of fact, **Persolve Legal** did not even show up for trial.

68. On October 28, 2020, Presiding Circuit Judge Chad E. Woodruff entered an order dismissing **Defendant Persolve Legal's** lawsuit.

69. Here is the text of the order:

> This matter coming on before the Court on the 27th day of October, 2020 for trial; the presence of Stan Herring as counsel for the Defendant; the absence of Plaintiff counsel and/or any Plaintiff representative; the Court having taken judicial knowledge of its file; it is hereby **ADJUDGED and ORDERED** as follows:

1. The trial of this matter was set to commence on today's date, October 27, 2020 at 1:30 p.m.  The Court delayed the start of said bench trial for 20 minutes in order for Plaintiff counsel to appear and/or otherwise contact the Court concerning any late arrival.

2. Upon the Court calling this matter for trial, counsel for the Defendant offered and was admitted Defendant's Exhibit No. 1 which consists of **four judgments from various jurisdictions in the State of Alabama where the same Plaintiff, Persolve Legal Group, LLP failed to appear and/or otherwise prosecute their claim.   The aforementioned orders of dismissal from Walker County, Montgomery County, Mobile County, and Calhoun County were all entered in the last four and half months.  As a result, the Court finds that this is a pattern and practice of the Plaintiff.**

3. Accordingly, the Court finds defense counsel's Motion to Dismiss with Prejudice well-taken and is hereby GRANTED.

(Emphasis added in par 2).

70.    This ended the case.

71.    **Defendant Persolve Legal** did not file any post judgment motion and the time to file such has long expired.

72.    There was no claim that a calendaring mishap occurred, or a flat tire on the way to court occurred, or that a witness or lawyer became ill.

73.    Instead, this fifth time of not showing up and refusing to offer any evidence, was met with the same response as the previous four.  Utter silence from **Persolve Legal**.

74.    **Defendant Persolve Legal** did not appeal the dismissal of the case and the time to appeal has long expired months ago.

### Remaining Factual Allegations Against Defendant Persolve Legal

75.    **Defendant Persolve Legal**, upon information and belief, reported on **Plaintiff's** credit reports that **Plaintiff** owed this debt when this was not true.

76.    **Defendant Persolve Legal**, upon information and belief, refused to mark the account as "disputed" even after the **Plaintiff** disputed this debt in **Plaintiff's** answer.

77.    **Defendant Persolve Legal**, upon information and belief, continued to update the credit reporting on **Plaintiff** on this bogus account and refused to mark it as disputed.

78.    **Defendant Persolve Legal** has collected (by letter, calls, credit reporting, the collection suit, and all other conduct described in this Complaint) against **Plaintiff** when **Plaintiff** did not owe any money to **Defendant Persolve Legal** on this account, which violates the alleged agreement creating this debt as the

agreement does not allow for collecting a non-existent debt from anyone or a debt that is zero from anyone, including **Plaintiff**.

79.     **Defendant Persolve Legal** has misrepresented the debt to **Plaintiff**, including the amount of the debt, as none is owed.

80.     **Defendant Persolve Legal** has misrepresented the debt to **Plaintiff**, including the legal status of the debt, as none is owed.

81.     **Defendant Persolve Legal** has taken action it knows is illegal including suing on a debt it knew **Plaintiff** did not owe, proceeding to trial when **Defendant Persolve Legal** knew at the time and continues to know that it has no right to proceed to trial on a debt it does not own and on a debt it has no intention ever of proving, of filing suit and proceeding on a case involving a debt that **Plaintiff** does not owe, falsely credit reporting a debt that **Plaintiff** does not owe, and sending (or having sent on its behalf) collection letters and/or collection calls.

82.     **Defendant Persolve Legal** knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that **Plaintiff** (and all others similarly situated) would be harassed, oppressed, and abused by the collection calls and/or letters, filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by **Plaintiff**, the filing of a lawsuit when **Defendant Persolve Legal** did not own the debt, the filing of a lawsuit

after the statute of limitations has expired, by false credit reporting, by misrepresenting numerous facts in the lawsuit and in collection calls and/or letters, and by all other wrongful acts described in this Complaint.

83. The debt being collected is a consumer debt as defined by the FDCPA (a personal vehicle loan).

84. **Plaintiff** is a "consumer" as defined by the FDCPA.

85. **Defendant Persolve Legal** is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by **Plaintiff**, the alleged debt was in default and the collecting of alleged defaulted debt is a principal part of the business of **Defendant Persolve Legal**.

86. **Defendant Persolve Legal** knows that the alleged agreement forming the alleged debt does not allow **Defendant Persolve Legal** to collect against persons, such as Plaintiff, who do not owe **Defendant Persolve Legal** any money.

87. **Defendant Persolve Legal** knows that the alleged purchase agreement disclaims all accuracy of the accounts allegedly sold to it and disclaims the accuracy of the associated account records.

88. **Defendant Persolve Legal** has full knowledge of what it is doing by its bad conduct in this case – it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery

were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including **Plaintiff**) that **Defendant Persolve Legal** has no right to take under state law and under the FDCPA.

89.   **Defendant Persolve Legal** knows that it is suing Alabama consumers (including **Plaintiff**) who do not owe the debts being sued upon.

90.   **Defendant Persolve Legal** knows that it is suing Alabama consumers (including **Plaintiff**) on debts that Defendant Persolve Legal does not own which Defendant Persolve Legal knows is not allowed in Alabama.

91.   **Defendant Persolve Legal** is counting on the fact that many Alabama consumers (including **Plaintiff**) will not answer and so default judgments will be entered.

92.   This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including **Plaintiff**) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

93.   **Defendant Persolve Legal** knows that its "scattershot litigation" is improper, but it has decided that this is the most effective way (as opposed to only doing other collection activities) to obtain money from Alabama consumers who do not owe the money to **Defendant Persolve Legal**.

94. **Defendant Persolve Legal** knows the debt was disputed back in July 2020, when Plaintiff filed an answer.

95. But yet **Defendant Persolve Legal** did not mark the account as disputed despite updating its reporting on a monthly basis.

96. The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

97. It is a practice of the **Defendant Persolve Legal** to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

98. All actions taken by employees, agents, servants, or representatives of any type for the **Defendant Persolve Legal** were taken in the line and scope of such individuals' employment, agency or representation.

99. At no time has **Defendant Persolve Legal** told or implied to **Plaintiff** that any conduct by any agent or employee of **Defendant Persolve Legal** was outside the line and scope of such employment or agency.

100. This includes collection counsel and any outside collection agency for **Defendant Persolve Legal** who in all ways conducted themselves in the line and scope of their agency and representation of **Defendant Persolve Legal**.

101. All actions taken by the **Defendant Persolve Legal** were done with malice, were done willfully, and were done with either the desire to harm **Plaintiff** and/or with the knowledge that their actions would very likely harm **Plaintiff** and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

102. **Defendant Persolve Legal** has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such **Defendant Persolve Legal** is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this **Defendant** and similar companies.

103. **Defendant Persolve Legal** is liable to **Plaintiff** through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from **Plaintiff**.

104.  At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has **Defendant Persolve Legal** directly or indirectly, expressly or implicitly, apologized to the **Plaintiff** for the conduct described in this Complaint which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

105.   Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

106.   **Defendant Persolve Legal** violated Section 1692d by collecting this debt as alleged in this Complaint.

107.   The conduct of the **Defendant Persolve Legal** has proximately caused Plaintiff past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

### COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
### 15 U.S.C. § 1692e

108.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

109.  **Defendant Persolve Legal** violated Section 1692e by collecting this debt as alleged in this Complaint.

110.  The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.


### COUNT III.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(2)

111.  Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

112.  **Defendant Persolve Legal** violated Section 1692e(2) by collecting this debt as alleged in this Complaint.

113.  The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional

anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(8)

114. Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

115. **Defendant Persolve Legal** violated Section 1692e(8) by collecting this debt as alleged in this Complaint.

116. The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10)

117. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

118. **Defendant Persolve Legal** violated Section 1692e(10) by collecting this debt as alleged in this Complaint.

119. The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f

120. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

121. **Defendant Persolve Legal** violated Section 1692f by collecting this debt as alleged in this Complaint.

122. The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

123. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

124. **Defendant Persolve Legal** violated Section 1692f(1) by collecting this debt as alleged in this Complaint.

125. The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT VIII.

## INVASION OF PRIVACY

126. Alabama law recognizes **Plaintiff's** right to be free from invasions of privacy and **Defendant Persolve Legal** violated Alabama state law as described in this Complaint.

127. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

128. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

129. **Defendant Persolve Legal** intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the **Plaintiff**, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded **Plaintiff's** privacy.

130. **Defendant Persolve Legal** intentionally, recklessly, and/or negligently caused emotional harm to **Plaintiff** by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon **Plaintiff's** right to privacy.

131. **Plaintiff** had a reasonable expectation of privacy in **Plaintiff's** solitude, seclusion, private concerns or affairs, and private financial information.

132. The conduct of **Defendant Persolve Legal**, in engaging in the above-described illegal collection conduct against **Plaintiff**, resulted in multiple intrusions and invasions of privacy by **Defendant Persolve Legal** which occurred in a way that would be highly offensive to a reasonable person in that position.

133. This conduct includes the filing of a public lawsuit against **Plaintiff**.

134. A public lawsuit that has no merit and **Defendant Persolve Legal** knew at the time it filed the lawsuit that it had no merit and that it would not offer any evidence at the trial.

135.   **Defendant Persolve Legal** publicly stated (upon information and belief) through credit reporting that **Plaintiff** owes the debt to **Defendant Persolve Legal** when **Defendant Persolve Legal** knew this was untrue.

136.   All of the wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of **Defendant Persolve Legal** in its campaign of improper debt collection, which has led to the **Plaintiff's** privacy being invaded.

137.   The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

138.   As a result of such intrusions and invasions of privacy, **Plaintiff** is entitled to actual damages in an amount to be determined at trial from **Defendant Persolve Legal**.

139.   All acts of **Defendant Persolve Legal** were committed with malice, intent, wantonness, and/or recklessness and as such **Defendant Persolve Legal** is subject to punitive damages.

## COUNT IX.

## NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND AGENTS

140. **Defendant Persolve Legal's** collectors and agents are allowed and encouraged to break state law in order to collect debts.

141. This includes all of the violations of the law described in this Complaint.

142. **Defendant Persolve Legal** is aware of the wrongful conduct of its collectors and agents.

143. **Defendant Persolve Legal** negligently hired, trained, retained or supervised incompetent debt collectors and agents, who were allowed or encouraged to violate the law as was done to **Plaintiff**, and **Defendant Persolve Legal** is thereby responsible to the **Plaintiff** for the wrongs committed against Plaintiff and the damages suffered by **Plaintiff**.

144. **Plaintiff** does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors and agents but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a plan to be negligent in allowing incompetent collectors and agents to run wild and damage **Plaintiff** while **Defendant Persolve Legal** sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

145.   The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT X.

### WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND AGENTS

146.   **Defendant Persolve Legal's** collectors and agents are allowed and encouraged to break state law in order to collect debts.

147.   This includes all of the violations of the law described in this Complaint.

148.   **Defendant Persolve Legal** is aware of the wrongful conduct of its collectors and agents.

149.   **Defendant Persolve Legal** wantonly hired, trained, retained, or supervised incompetent debt collectors and agents, who were allowed or encouraged to violate the law as was done to **Plaintiff**, and **Defendant Persolve Legal** is thereby responsible to the **Plaintiff** for the wrongs committed against **Plaintiff** and the damages suffered by **Plaintiff**.

150.   **Plaintiff** does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors and agents but it is reasonable

to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors and agents to run wild and damage **Plaintiff** while **Defendant Persolve Legal** sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

151.   The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT XI.

### INTENTIONAL HIRING, TRAINING, AND
### SUPERVISION OF INCOMPETENT DEBT COLLECTORS AND AGENTS

152.   **Defendant Persolve Legal's** collectors and agents are allowed and encouraged to break state law in order to collect debts.

153.   This includes all of the violations of the law described in this Complaint.

154.   **Defendant Persolve Legal** is aware of the wrongful conduct of its collectors and agents.

155.   **Defendant Persolve Legal** intentionally hired, trained, retained, or supervised incompetent debt collectors and agents, who were allowed or encouraged to violate the law as was done to **Plaintiff**, and **Defendant Persolve Legal** is thereby responsible to the **Plaintiff** for the wrongs committed against **Plaintiff** and the damages suffered by **Plaintiff**.

156.   **Plaintiff** does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors and agents but it is reasonable to infer this as there is no other explanation for how a large debt buying company, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors and agents to run wild and damage **Plaintiff** while **Defendant Persolve Legal** sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

157.   The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

158.  **Defendant Persolve Legal** had a duty, and assumed a duty, to treat **Plaintiff** fairly and with reasonable care.

159.  **Defendant Persolve Legal** had a duty, and assumed a duty, to not unreasonably cause harm to **Plaintiff**.

160.  **Defendant Persolve Legal** acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about **Plaintiff** as set forth in this Complaint.

161.  **Defendant Persolve Legal** violated all of the duties **Defendant Persolve Legal** had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

162.  It was foreseeable, and **Defendant Persolve Legal** did in fact foresee it, the each and every action of **Defendant Persolve Legal** described in this Complaint would lead and did lead to the exact type of harm suffered by **Plaintiff**.

163.  The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional

anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS

164. **Defendant Persolve Legal** instituted and continued prosecuting the lawsuit against **Plaintiff** with no reasonable basis to do so as **Plaintiff** did not owe **Defendant Persolve Legal** the debt sued upon.

165. **Defendant Persolve Legal** had no intention of pursuing its case to the point of putting on evidence as it always intended on dismissing the case if **Plaintiff** refused to pay – this is because **Defendant Persolve Legal** did not own the debt and **Plaintiff** did not owe the debt.

166. **Defendant Persolve Legal** continued to prosecute the case with no reasonable basis to do so as **Plaintiff** did not owe **Defendant Persolve Legal** the debt sued upon and **Defendant Persolve Legal** had malice in bringing and maintaining the lawsuit against **Plaintiff**.

167. **Defendant Persolve Legal** filed and used this case as a means of attempting to extort money out of **Plaintiff** or obtaining a default judgment against **Plaintiff** if **Plaintiff** did not answer the suit.  While this failed, the attempt by **Defendant Persolve Legal** shows the malice against **Plaintiff**.

168. The suit was brought for the improper purpose of collecting money that **Persolve Legal** was not entitled to collect but the lawsuit brought to extort money out of **Plaintiff**.

169. **Defendant Persolve Legal** instituted and continued prosecuting the lawsuit against **Plaintiff** with malice and with the design and plan that the lawsuit would result in an illegal judgment against the **Plaintiff** or would cause **Plaintiff** to pay **Defendant Persolve Legal** money on a non-existent debt.

170. The malicious plan of **Defendant Persolve Legal** included the knowledge that the fraudulent judgment would be devastating to **Plaintiff's** credit report and credit scores and would lead to garnishments and/or seizures of property and the **Defendant Persolve Legal** tried to accomplish this by the **Defendant Persolve Legal's** malicious and abusive actions.

171. Throughout the entire illegal lawsuit against **Plaintiff**, **Defendant Persolve Legal** knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the **Plaintiff** which **Defendant Persolve Legal** knew it was not entitled to receive.

172. **Defendant Persolve Legal** knew before and during the lawsuit that it had no probable cause to bring the lawsuit against **Plaintiff**.

173.   The litigation against **Plaintiff** filed by **Defendant Persolve Legal** eventually resulted in adjudication in favor of **Plaintiff** on **October 28, 2020**.

174.   The illegal and improper actions of the **Defendant Persolve Legal** constitute malicious prosecution and this cause of action is supported by the allegations in this Complaint.

175.   This is the pattern and practice of **Defendant Persolve Legal** – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by **Defendant Persolve Legal**.

176.   The conduct of the **Defendant Persolve Legal** has proximately caused **Plaintiff** past and future monetary loss, past and future damage to **Plaintiff's** credit and credit worthiness, past and future mental distress and emotional anguish along with physical manifestations, and other damages that will be presented to the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE**, **PREMISES CONSIDERED, Plaintiff** prays that judgment be entered against **each and every Defendant** for all damages allowable (including statutory, actual, compensatory, nominal and punitive), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**/s/ John G. Watts**
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


## PLAINTIFF DEMANDS A TRIAL BY JURY


**Serve defendants via certified mail at the following address:**


Persolve Legal Group, LLP
c/o Corporation Service Company
251 Little Falls Dr.
Wilmington, DE 19808

Persolve, LLC
c/o Corporation Service Company, Inc.
641 South Lawrence St.
Montgomery, AL 36104

Persolve Recoveries, LLC
c/o Corporation Service Company
251 Little Falls Dr.
Wilmington, DE 19808



AlaFile E-Notice

61-CV-2021-900099.00

To:  JOHN GRIFFIN WATTS
     john@wattsherring.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following complaint was FILED on 3/30/2021 7:08:32 PM

Notice Date:      3/30/2021 7:08:32 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov



AlaFile E-Notice

61-CV-2021-900099.00

To:  PERSOLVE LEGAL GROUP, LLP
C/O CORPORATION SVC COMP
251 LITTLE FALLS DR.
WILMINGTON, DE, 19808

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following complaint was FILED on 3/30/2021 7:08:32 PM

Notice Date:     3/30/2021 7:08:32 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov



AlaFile E-Notice

61-CV-2021-900099.00

To:  PERSOLVE, LLC
     C/O CORPORATION SV CO INC
     641 SOUTH LAWRENCE ST.
     MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following complaint was FILED on 3/30/2021 7:08:32 PM

Notice Date:      3/30/2021 7:08:32 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov



AlaFile E-Notice

61-CV-2021-900099.00

To:  PERSOLVE RECOVERIES, LLC
C/O CORPORATION SV CO
251 LITTLE FALLS DR.
WILMINGTON, DE, 19808

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following complaint was FILED on 3/30/2021 7:08:32 PM

Notice Date:     3/30/2021 7:08:32 PM

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>61-CV-2021-900099.00 |
| --- | --- | --- |

## IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
## AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL

**NOTICE TO:** PERSOLVE LEGAL GROUP, LLP, C/O CORPORATION SVC COMP 251 LITTLE FALLS DR., WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS ,

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203 .

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of AUTUMN GREEN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/30/2021 | /s/ BRIAN YORK | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.       /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*            *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     *(Address of Server)*

*(Type of Process Server)*        *(Server's Signature)*

_____     _____

*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>61-CV-2021-900099.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
## AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL

**NOTICE TO:** PERSOLVE, LLC, C/O CORPORATION SV CO INC 641 SOUTH LAWRENCE ST., MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

.

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of AUTUMN GREEN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/30/2021 | /s/ BRIAN YORK | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in

County,

*(Name of Person Served)*    *(Name of County)*

Alabama on

.

*(Date)*

*(Type of Process Server)*    *(Server's Signature)*    *(Address of Server)*

*(Server's Printed Name)*    *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>61-CV-2021-900099.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
## AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL

**NOTICE TO:** PERSOLVE RECOVERIES, LLC, C/O CORPORATION SV CO 251 LITTLE FALLS DR., WILMINGTON, DE 19808

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of AUTUMN GREEN pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 03/30/2021 | /s/ BRIAN YORK | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____.

*(Date)*

_____          _____

*(Type of Process Server)*     *(Server's Signature)*          *(Address of Server)*

_____          _____

*(Server's Printed Name)*          *(Phone Number of Server)*



# NOTICE TO CLERK

### REQUIREMENTS FOR COMPLETING SERVICE BY CERTIFIED MAIL OR FIRST CLASS MAIL

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA
AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL

61-CV-2021-900099.00

To:  CLERK TALLADEGA
     clerk.talladega@alacourt.gov

TOTAL POSTAGE PAID: $26.55

Parties to be served by Certified Mail - Return Receipt Requested

PERSOLVE LEGAL GROUP, LLP                          Postage: $8.85
C/O CORPORATION SVC COMP
251 LITTLE FALLS DR.
WILMINGTON, DE 19808

PERSOLVE, LLC
C/O CORPORATION SV CO INC
641 SOUTH LAWRENCE ST.
MONTGOMERY, AL 36104

PERSOLVE RECOVERIES, LLC
C/O CORPORATION SV CO
251 LITTLE FALLS DR.
WILMINGTON, DE 19808

Parties to be served by Certified Mail - Restricted

Parties to be served by First Class Mail



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV-2021-900099

Persolve Legal Group LLP
c/o Corporation src Comp
251 Little Falls Dr.
Willimgton, DE
          19808



9590 9402 5407 9189 8344 84

2. Article Number (Transfer from service label)

7020 2450 0000 2260 3386

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☑ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt



AlaFile E-Notice

61-CV-2021-900099.00

Judge: WILLIAM E. HOLLINGSWORTH IV

To:  WATTS JOHN GRIFFIN
     john@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following matter was served on 4/19/2021

**D001 PERSOLVE LEGAL GROUP, LLP**
**Corresponding To**
CERTIFIED MAIL

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov



AlaFile E-Notice

61-CV-2021-900099.00

Judge: WILLIAM E. HOLLINGSWORTH IV

To:   HERRING MYLES STANLEY JR.
      stan@wattsherring.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following matter was served on 4/19/2021

**D001 PERSOLVE LEGAL GROUP, LLP**

**Corresponding To**

CERTIFIED MAIL

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV-2021-900099

Persolve Recoveries LLC
C/o Corporation Svc Co
251 Little Falls Dr.
Wilmington, DE
19808

9590 9402 5407 9189 8344 60

2. Article Number (Transfer from service label)

7020 2450 0000 2260 3409

PS Form **3811**, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                          ☐ Agent
                                           ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery



Domestic Return Receipt



AlaFile E-Notice

61-CV-2021-900099.00

Judge: WILLIAM E. HOLLINGSWORTH IV

To:  WATTS JOHN GRIFFIN
     john@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following matter was served on 4/19/2021

**D003 PERSOLVE RECOVERIES, LLC**
**Corresponding To**
CERTIFIED MAIL

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov



AlaFile E-Notice

61-CV-2021-900099.00

Judge: WILLIAM E. HOLLINGSWORTH IV

To:   HERRING MYLES STANLEY JR.
stan@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following matter was served on 4/19/2021

**D003 PERSOLVE RECOVERIES, LLC**
**Corresponding To**
CERTIFIED MAIL

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: CV-2021-900099

Persolve, LLC
c/o Corporation Su Co. Inc.
641 S. Lawrence St
Montgomery, AL
36104

9590 9402 5407 9189 8344 77

2. Article Number (Transfer from service label)

7020 2450 0000 2260 3393

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

*Kelly Webster*

☑ Agent
☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

4-19-21

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED APR 19 AM NEW YORK CIT

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt



AlaFile E-Notice

61-CV-2021-900099.00

Judge: WILLIAM E. HOLLINGSWORTH IV

To:  WATTS JOHN GRIFFIN
      john@wattsherring.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following matter was served on 4/19/2021

**D002 PERSOLVE, LLC**
**Corresponding To**
CERTIFIED MAIL

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov



AlaFile E-Notice

61-CV-2021-900099.00

Judge: WILLIAM E. HOLLINGSWORTH IV

To:  HERRING MYLES STANLEY JR.
stan@wattsherring.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

AUTUMN GREEN V. PERSOLVE LEGAL GROUP, LLP ET AL
61-CV-2021-900099.00

The following matter was served on 4/19/2021

**D002 PERSOLVE, LLC**
**Corresponding To**
CERTIFIED MAIL

BRIAN YORK
CIRCUIT COURT CLERK
TALLADEGA COUNTY, ALABAMA
P O BOX 6137
TALLADEGA, AL, 35161

256-761-2102
brian.york@alacourt.gov